**In re SHEELY.**

No. 5668.

District Court, M. D. Pennsylvania.

Aug. 5, 1930.

Sharpe & Sharpe, of Chambersburg, Pa., for petitioner.

Edmund C. Wingerd, of Chambersburg, Pa., for intervening creditors.

JOHNSON, District Judge.

This is a petition for review of the order of the referee dismissing exceptions to the referee's order, disallowing the mortgage claims of John P. Stover as preferred claims and allowing them as unsecured or general claims.

On March 31, 1924, Emmert Sheely executed and delivered to John P. Stover a bond and mortgage in the sum of $6,000. On March 31, 1925, he executed and delivered to John P. Stover another bond and mortgage in the sum of $4,000 on another piece of ground; both mortgages were given for present and valuable consideration. There was no evidence that the bankrupt was insolvent when the mortgages were executed. The mortgages were not recorded until June 29, 1927, at a time when Sheely was insolvent. Stover knew, or should have known, that Sheely was insolvent on June 29, 1927, when the mortgages were recorded. Soon after the recording of the mortgages, other creditors began to enter judgments against Sheely, and on August 16, 1927, Sheely was adjudged a bankrupt on a voluntary petition in bankruptcy. Stover filed his claims for $6,000 and $4,000 based on the mortgages, with the referee in bankruptcy, claiming the same to be preferred claims and entitled to priority of payment from the fund derived from the sale of the real estate. The former referee (Loren A. Culp) allowed the claims as priority claims, but, before the estate was fully administered, the Valley National Bank, Chambersburg, and the Citizens' National Bank of Greencastle, creditors of the bankrupt, presented a petition to the present referee, asking that the action of the former referee be reconsidered and the claims disallowed as priority claims. After hearing the referee disallowed the claims as preferred claims and allowed them as unsecured claims.

The question involved is whether the mortgages executed and delivered for present and valuable consideration over four months prior to the adjudication of the mortgagor as a bankrupt, but recorded within four months of the adjudication in bankruptcy when the mortgagor was insolvent, shall be allowed as preferred claims against the bankrupt estate.

Section 60 a and b of the Bankruptcy Act, 11 USCA § 96(a, b), which controls the question in this case, provides as follows:

"(a) A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required.

"(b) If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person. And for the purpose of such recovery any court of bankruptcy, as hereinbefore defined, and any State court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

The application of paragraphs a and b above quoted depends upon the meaning to be given to the phrase in paragraph a "if by law such recording or registering is required."

The Act of Assembly of Pennsylvania of April 27, 1927, P. L. 440, § 1 (21 PS § 622), provides for the recording of mortgages, as follows: " * * * No mortgage, or defeasible deed in the nature of a mortgage, shall be a lien, until such mortgage or defeasible deed shall have been recorded, or left for record, as aforesaid."

In re Samuel Calvin Dundore, 26 A. B. R. 100, Judge Witmer, of this district, in delivering the opinion of the court, said: "The bankrupt was insolvent when he executed the mortgage and when it was recorded. The

mortgage constituted a transfer of his property, and its effect was to enable the mortgagee, Daniel C. Dundore, to obtain a greater percentage of his claim than other creditors. The inevitable effect of this was known to him at the time he placed his mortgage on record and attempted to perfect his preference. Since, under the Pennsylvania statute, an unrecorded mortgage is not a lien, the lien or preference dates from the date of recording, and not from the date it was given. It follows, therefrom, that a preference arose under section '60a' and 'b,' and the findings, conclusions and order of the referee are affirmed." See, also, English v. Ross (D. C.) 140 F. 630, a case decided by Judge Archbald of this district.

None of the cases cited by counsel for the mortgagee construe the recording law of Pennsylvania. In Pennsylvania a mortgage becomes a lien only when recorded, and under the Bankruptcy Act, section 60a and b, 11 USCA § 96(a, b), a mortgage claim becomes a preferred claim only when recorded more than four months prior to the filing of the petition in bankruptcy.

The exceptions to the referee's order must be dismissed and his order refusing to allow the claim as a preferred one, must be sustained.

The exceptions to the referee's order of May 19, 1930, are dismissed and the referee's order of May 10, 1930, disallowing the claims of John P. Stover as preferred claims and allowing them as unsecured claims, is sustained.